**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leon GOLDNER and Norman Norton Shipper, Defendants-Appellants.**

**No. 29242.**

United States Court of Appeals,
Fifth Circuit.

March 5, 1971.

John Gale, Miami, Fla., for Leon Goldner.

Barry N. Semet, Miami, Fla., Court appointed for Norton Shipper.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr. and Charles O. Farrar, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellants were convicted on two counts each of a joint indictment which charged them with conspiracy to receive, conceal, sell, dispose of, and pledge as security for a loan, United States Treasury bills moving in interstate commerce knowing that they had been stolen, and each was convicted of the substantive offense of receiving, etc. two specified groups of five $10,000 notes. They were both sentenced to a term of five years on the substantive counts, and two years on the conspiracy count, sentences to run concurrently.

We have carefully considered the contentions of appellants that there was insufficient evidence of the theft of the bills, and conclude that there is no merit to this contention. There was ample evidence that the securities were in the possession of the Marine Midland Bank in New York, and were determined to have disappeared; and that they were subsequently found in possession of the appellants in Florida, when Shipper tried to use five of them as security for a $40,000 loan at the County National Bank, using a fictitious name. The evidence as to Goldner was that five of the bills were found on his person when he was arrested after he had been seen accompanying Shipper to the bank.[1]

Assuming the admissibility of the evidence of this possession under such circumstances, we conclude there was ample evidence to convict on the substantive counts. The sentence for five years was on these counts. It is, therefore, not necessary to determine whether there was adequate evidence to support the conspiracy count. See Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774, and Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

Goldner challenges the introduction into evidence of the $50,000 in bills found on his person because he says that there was a want of probable cause for his arrest. We conclude that the arrival

1. The bank security officer testified that a tan Cadillac automobile stopped in front of the bank. Goldner asked Shipper how long he would be, and the latter said, "I'm only going to be about fifteen minutes"; to which Goldner replied, "All right, I'll be at the drugstore."

of Goldner with Shipper at the described bank in the kind of automobile described by the reliable informer and his conduct at the bank warranted his arrest. We are also convinced that the records, to the introduction of which Goldner excepts, were admissible under the business records rule, 28 U.S.C.A. § 1732.

The judgments are affirmed.